# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHIRLEY DELORAS NIXON ELLIMAN,

                      Plaintiff,

v.

MILWAUKEE COUNTY TRANSIT COMPANY,

                      Defendant.

Case No. 19-CV-1684-JPS

**ORDER**

On November 14, 2019, the plaintiff, Shirley Deloras Nixon Elliman ("Elliman"), filed a *pro se* complaint and a petition to proceed *in forma pauperis*. (Docket #1 and #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint filed *in forma pauperis* if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Elliman's allegations are incoherent. She says she has been "violated as for housing, clothing, sometimes food" and that someone is detaining money that is owed to her by the U.S. Treasury Department. (Docket #1 at 2). The Milwaukee County Transit Company ("MCTC"), she says, has "claimed [her] spouse, children, housing, medical insurance, and have gone so far as to claim [her] as their owned woman." *Id.* She also seems to allege that she became an F.B.I agent in 1955, and that her social security number has been tampered with. *Id.* at 3.

A frivolous pleading warrants dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The term "frivolous . . . embraces not only the inarguable

legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. Elliman's allegations are delusional and do not state a claim. Her complaint must be dismissed. Her motion to proceed *in forma pauperis* will be denied as moot.

This is the third case of Elliman's that this Court has had to dismiss because of its incoherent or frivolous allegations. *See* 17-CV-700-JPS (E.D. Wis.), 19-CV-1664 (E.D. Wis.). Other judges in this District have done the same. *See* 18-CV-365-WCG (E.D. Wis.), 18-CV-366-DEJ (E.D. Wis.), and 18-CV-1577-PP (E.D. Wis.). In her most recently-dismissed case, the Court dismissed Elliman's complaint as frivolous and warned her that continued frivolous litigation would result in monetary sanctions and/or a bar on her ability to file cases in this District. *Elliman v. JP Morgan Chase Bank,* 19-CV-1664 (E.D. Wis.) (Docket #3 at 3). The Court will now make good on that threat. Elliman is fined in the amount of $300. Until she pays that sanction, the Clerk of the Court in this District shall return, unfiled, any papers submitted by Elliman except for those in defense of a federal criminal case or applying for a writ of habeas corpus. *See Bradley v. Wis. Dep't of Children & Families*, 715 F. App'x 549, 550 (7th Cir. 2018), citing *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Elliman may move the Court, no earlier than two years from the date of this Order, to rescind or modify this filing ban.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and as frivolous;

**IT IS FURTHER ORDERED** that Plaintiff's motion to *proceed in forma pauperis* (Docket #2) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Plaintiff is fined in the amount of $300. Until she pays that fine in full, the Clerk of the Court of this District is directed to return unfiled any papers submitted by Plaintiff except for those in defense of a federal criminal case or applying for a writ of habeas corpus.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge